WESTVEER v. TER KEURST.

1. BANKS AND BANKING—JUDGMENT CREDITORS—TRUST AGREEMENT FOR DEPOSITORS.

Judgment creditor of bank *held*, not bound to take payment by way of participating certificate payable only from segregated assets in hands of trustees where trust agreement, entered into as part of reorganization plan, made provision for payment of depositors only and not creditors generally (Act No. 32, Pub. Acts 1933).

2. SAME—REORGANIZATION—CONTINUANCE OF ENTITY.

Upon reorganization of a State bank its legal entity remains unchanged, its affairs are not wound up, existence not terminated, nor new charter issued, hence judgment against the bank is enforceable against it as reorganized (Act No. 32, Pub. Acts 1933).

3. JUDGMENT—ENTRY ON REMAND FROM SUPREME COURT.

Dictum of trial judge officiating at entry of judgment, directed to be entered by Supreme Court, does not change its effect and it will be assumed to be entered as directed.

4. BANKS AND BANKING—REORGANIZATION—JUDGMENT CREDITORS—
   PREFERENCES.
       Fact that creditor's judgment, in being enforceable against
   bank as reorganized, effects preference to him *held*, insuffi-
   cient reason to restrain enforcement in absence of provision
   for payment of such a creditor in trust agreement segregating
   assets of bank (Act No. 32, Pub. Acts 1933).

Appeal from Ottawa; Verdier (Leonard D.), J.,
presiding. Submitted April 15, 1936. (Docket No.
100, Calendar No. 38,864.) Decided June 16, 1936.

Bill by William Westveer and others, as trustees
of the segregated assets of First State Bank, and
First State Bank, a banking corporation, against
A. J. Ter Keurst and Benjamin Rosema, Ottawa
county sheriff, to restrain enforcement of a judg-
ment and for other relief. Bill dismissed. Plain-
tiffs appeal. Affirmed.

*Paul E. Cholette,* for plaintiffs.

*Nelson A. Miles* and *Raymond L. Smith,* for de-
fendants.

TOY, J. After our decision in *Ter Keurst* v. *First
State Bank,* 271 Mich. 259, by which we remanded
that cause to the trial court for the purpose of en-
tering judgment for plaintiff therein in the sum of
$1,000, interest and costs, and after the entry of
such judgment by the trial court in accordance there-
with against the First State Bank, the plaintiff
therein, Ter Keurst, who is made defendant herein,
caused an execution to be issued for the enforce-
ment of such judgment and placed in the hands of
Sheriff Rosema of Ottawa county for that purpose.
    Plaintiffs herein filed their bill seeking to restrain
Ter Keurst and the sheriff in the enforcement of

the judgment against the First State Bank. After issue was joined and trial had, the circuit court entered its decree dismissing the bill of complaint. Plaintiffs appeal.

The First State Bank, a Michigan banking corporation, was organized and operated as a banking institution under the laws of our State. With other banks of the State, it was closed by gubernatorial proclamation in February of 1933. Later a conservator was appointed, and thereafter in accordance with the emergency banking act (Act No. 32, Pub. Acts 1933), the conservator acting in conjunction with the State banking commissioner formulated, and with the consent of depositors, put in effect a reorganization plan of the bank, by the terms of which the depositors took time certificates of deposit for 50 per cent. of their deposit; certain assets of the bank were retained by the bank; and the balance of assets were turned over to three trustees who were to liquidate them and pay to the depositors, *pro rata,* the proceeds of such liquidation. Beneficial certificates of participation in these segregated assets were issued to the depositors.

It is the contention of plaintiffs that defendant Ter Keurst must secure payment of his judgment in the same manner as the other creditors, namely, by taking participating certificates to be paid from the segregated assets in the hands of the trustees. The difficulty with this contention is that the trust agreement, a copy of which has been filed with us, does not make provision for the payment of creditors generally, but applies solely to depositors of the bank. This being true, we cannot see where defendant Ter Keurst is bound by its terms. He was not a party thereto, nor was his claim included therein.

Appellants attempt to distinguish between the First State Bank, before reorganization, and the

First State Bank, after reorganization, contending for two entities, and claiming the judgment to be against the bank, before reorganization.

The judgment is against the First State Bank.

While a reorganization of the bank has been effected, its legal entity is unchanged. Its affairs were not wound up, nor its existence terminated. There was no new charter. True, the bank closed, but the same bank reopened under the reorganization plan. The reorganization did not dissolve the old corporation nor create a new one. Its entity remained. *First Trust Company of Lincoln, Trustee, v. Exchange Bank,* 126 Neb. 856 (254 N. W. 569); *Barber v. Bryan,* 123 Neb. 566 (243 N. W. 834).

Nor do we see merit in appellants' contention that the matter is *res judicata,* because at the time of entry of judgment in the trial court, in *Ter Keurst v. First State Bank, supra,* the trial judge sitting therein, stated, in his opinion upon proceedings for entry of judgment, that the reorganized bank was not liable for the claim, but that Ter Keurst must share in like manner with other creditors.

We had this very question placed before us on application for rehearing in *Ter Keurst v. First State Bank, supra,* and we did not then think it of sufficient merit to grant a rehearing therefor. Nor are we now of different mind.

We there directed entry of judgment against the First State Bank. We will assume that it was entered as directed. The dictum of the trial judge officiating at the entry of such judgment does not change its effect.

The judgment being against the First State Bank, and not being covered by the trust agreement, and execution thereon being in the hands of the proper officer for enforcement, we see no reason why he or

plaintiff should be restrained from proceeding therewith.

It is contended that such a result will give Ter Keurst a preference over other creditors of the bank. This may be, but if so, it results because of the failure of plaintiffs and others to the trust agreement to include therein Ter Keurst's claim.

The decree of the circuit court in chancery is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. POTTER, J., took no part in this decision.